IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-00205-01-CR-W-BCW |
| | ) | |
| VICTORIA A. CHEEK HERRERA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) and (c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri, represented by Tammy Dickinson, United States Attorney and David M. Ketchmark, First Assistant United States Attorney, and the Criminal Section of the Civil Rights Division of the Department of Justice, represented by Jocelyn Samuels, Acting Assistant Attorney General, and Shan Patel, Trial Attorney, (collectively referred to herein after as "the Government" or "the United States") and the defendant, Victoria A. Cheek Herrera ("the defendant"), represented by Ronna Holloman-Hughes.

The defendant understands and agrees that this plea agreement is only between her and the United States Attorney for the Western District of Missouri and the Criminal Section of the Civil Rights Division of the Department of Justice, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.**   The defendant agrees to and hereby does plead guilty to the Counts One & Two of the Indictment charging her in Count One with a violation of 18 U.S.C. § 241, conspiracy against rights, and Count Two with a violation of 42 U.S.C. § 3631, interference with fair housing rights.   By entering into this plea agreement, the defendant admits that she knowingly committed these offenses, and is in fact guilty of these offenses.

3. **Factual Basis for Guilty Plea.**   The parties agree that the facts constituting the offense to which the defendant is pleading guilty are as follows:

> On or about June 26, 2008, the defendant knowingly and willfully became a member of a conspiracy, agreement, and understanding with Logan J. Smith (Smith) and others, that the conspirators would injure, oppress, threaten, and intimidate Larry Davis, Stacey Little, and the couple's minor children, who are all African American, in the free exercise and enjoyment of rights secured to them by the Constitution and laws of the United States, that is, the right to occupy and rent real property without injury, intimidation or interference because of their race and color.
>
> On or about June 26, 2008, the defendant, while aiding and abetting Smith and others, by force and threat of force, willfully injured, intimidated, and interfered with Davis, Little, and their minor children's right to occupy and rent their home, located at 633 South Arlington Avenue, Independence, Missouri, because of the victims' race and color and because the victims occupied and rented the dwelling.   The aforementioned acts involved the use and attempted use of fire.
>
> Specifically, on or about June 26, 2008, the defendant discussed with others her desire to set fire to the home of Davis and Little.   The defendant and Smith then asked a juvenile acquaintance for gasoline, and the defendant helped partially fill a glass bottle with gasoline and helped make a denim wick that was placed inside the bottle.
>
> At one point on the date of the incident, the defendant, with the assistance of Smith, drew a swastika on Smith's head.   Smith subsequently made racially-disparaging remarks and gestures, including stating "White Power!" and making "Heil Hitler" gestures.   The defendant and Smith also drew a swastika and wrote the words "White Power" on the driveway to Davis and Little's residence, located at 633 South Arlington Avenue, Independence, Missouri.
>
> The defendant and Smith ultimately carried the gasoline-filled bottle from the juvenile acquaintance's residence to Davis and Little's residence, located at 633 South Arlington Avenue, Independence, Missouri.   The defendant, with the assistance of Smith,

then lit the denim wick, and Smith threw the gasoline-filled bottle into the side of the house that Davis and Little were renting, which set the residence on fire.

After helping to set fire to the house that the victims were renting, the defendant fled the vicinity of the residence and told the juvenile acquaintance, in effect, not to tell anyone about the vandalism and fire or the defendant and Smith's role in it.

**4. Use of Factual Admissions.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining her guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) or part of the "offense of conviction" pursuant to U.S.S.G. § 1B1.2, and may be used in calculating the offense level for the charge to which she is pleading guilty.

**5. Statutory Penalties.** The defendant understands that upon her plea of guilty to the Indictment charging her with one count of conspiracy to violate rights and one count of interference with the right to fair housing, the maximum penalty the Court may impose as to each count is not more than ten years of imprisonment, a $250,000.00 fine, up to a three-year term of supervised release, and a $100.00 mandatory special assessment for each count which must be paid in full at the time of sentencing. The defendant further understands that the crimes to which she is pleading guilty to are a Class C felony offenses.

**6. Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

3

a. In determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable."

b. The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing.

c. In addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to three years, and that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed.

d. If the defendant violates a condition of her supervised release, the Court may revoke her supervised release and impose an additional period of imprisonment of up to two years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed three years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release.

e. The Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range.

f. Any sentence of imprisonment imposed by the Court will not allow for parole.

g. The Court must order restitution to be paid to victims of the offenses to which she is pleading guilty, and all other uncharged related criminal activity.

h. The Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office.

i. The defendant may not withdraw her guilty plea solely because of the nature or length of the sentence imposed by the Court.

**7. Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include Indictment concerning the background, character, and conduct of the defendant, including the entirety of her criminal activities. The defendant understands these disclosures are not limited to the counts to which she has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

**8. Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses for which it has venue and which arise out of the conduct charged in the Indictment.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises

made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with any other criminal violations established by the evidence. The defendant expressly waives her right to challenge the initiation of additional charges against her if she breaches this agreement. The defendant expressly waives her right to assert a statute of limitations defense if additional charges are initiated against her following a breach of this agreement. It is the specific intent of this plea agreement to waive any and all defenses based upon the statute of limitations with respect to any prosecution which is not barred by the statute of limitations on the date this plea agreement is signed by the defendant. The defendant further understands and agrees that if the Government elects to file additional charges against her following her breach of this plea agreement, she will not be allowed to withdraw her guilty plea.

  **9.**   **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw her plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts her plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, she will not be permitted to withdraw her plea of guilty.

**10. Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable."

    b. The parties believe that Counts One and Two would be grouped under U.S.S.G. § 3D1.2(a).

    c. The applicable Guidelines section for the offense of conviction in Count Two is U.S.S.G. § 2K1.4(a)(1) which provides for a base offense level of 24. There is a specific offense enhancement of three (3) levels based upon the fact that the offense committed involved a hate crime pursuant to § 3A1.1(a).

    d. There is no agreement between the parties as to whether the defendant should receive a reduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines. The defendant reserves her right to assert a reduction should be given.

    e. The parties expressly acknowledge that other enhancements or reductions in the defendant's offense level may be applicable and reserve the right to argue for such enhancements or reductions, as set forth in paragraph 11.

    f. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine the applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office.

    g. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does **not** bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in paragraph 6 of this plea agreement, provide the defendant with a basis to withdraw her plea of guilty.

    h. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, (including the facts that support any specific offense characteristic or other enhancement or adjustment). The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in

an indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay.

      i.    The United States agrees not to seek an upward departure from the Guidelines or a variance above the Guidelines range. The defendant agrees that she will not seek a downward departure from the Guidelines, or a variance below the Guidelines range. The agreement not to seek a departure from the Guidelines or non-Guidelines sentence is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable."

      j.    The defendant understands and agrees that the factual admissions contained in paragraphs 3 and 4 of this plea agreement, and any admissions that are made during the plea colloquy, support the imposition of the agreed Guidelines calculations contained in this agreement.

**11.** **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12.** **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13.** **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

8

a. oppose or take issue with any position advanced by the defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

b. comment on the evidence supporting the charges in the Indictment;

c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed; and

d. oppose any post-conviction motions for reduction of sentence, or

other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that she has been advised of, understands, and knowingly and voluntarily waives the following rights:

a. the right to plead not guilty and to persist in a plea of not guilty;

b. the right to be presumed innocent until her guilt has been established beyond a reasonable doubt at trial;

c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d. the right to confront and cross-examine the witnesses who testify against her;

e. the right to compel or subpoena witnesses to appear on her behalf; and

f. the right to remain silent at trial, in which case her silence may not be used against her.

The defendant understands that by pleading guilty, she waives or gives up those rights and that there will be no trial. The defendant further understands that if she pleads guilty, the Court may ask her questions about the offense to which she pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making a false statement.

9

### 15. Waiver of Appellate and Post-Conviction Rights.

a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement she waives her right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement.

b. The defendant expressly waives her right to appeal her sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal her sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Waiver of FOIA Request.** The defendant waives all of her rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. **Waiver of Claim for Attorney's Fees.** The defendant waives all of her claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

18. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United

States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw her plea of guilty.

The defendant also understands and agrees that in the event she violates this plea agreement, all statements made by her to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by her before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against her in any and all criminal proceedings. The defendant waives any rights that she might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by her subsequent to this plea agreement.

19. **Defendant's Representations.** The defendant acknowledges that she has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that she is satisfied with the assistance of counsel, and that counsel has fully advised her of her rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, her attorneys or any other party to induce her to enter her plea of guilty.

20. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

11

**21. Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Tammy Dickinson
United States Attorney

Dated: 8/28/13      /s/ David M. Ketchmark
David M. Ketchmark
First Assistant United States Attorney

Jocelyn Samuels
Acting Assistant Attorney General

Dated: 8/28/13    By:    /s/ Shan Patel
Shan Patel
Trial Attorney
Civil Rights Division
Department of Justice

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the Indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 8/28/13      /s/ Victoria A. Cheek-Herrera
Victoria A. Cheek Herrera
Defendant

I am defendant Victoria A. Cheek Herrera's attorney. I have fully explained her rights to her, with respect to the offenses charged in the Indictment. Further, I have reviewed with her the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with her. To my knowledge, Ms. Cheek Herrera's decision to enter into this plea agreement is an informed and voluntary one.


Dated:  8/28/13                                    /s/ Ronna Holloman-Hughes
                                                              Ronna Holloman-Hughes
                                                              Attorney for Defendant